1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

THE TISCHER COMPANY,                                      No.  C 06-2372 SBA

          Plaintiff,                                      **ORDER**

  v.                                                       [Docket Nos. 27, 28, 29]

ROBERTSON STEVENS, INC, *et al.*,

        Defendants.

_____

      Before the Court is plaintiff The Tischer Company's motion, stipulation, and *ex parte* application

to seal the entire case file [Docket Nos. 27, 28, 29].  The plaintiff relies upon the general privacy

provision of Article I, section 1 of the California Constitution in support of its application to seal the

entire case file.  This provision of the California Constitution declares that "All people are by nature free

and independent and have inalienable rights.  Among these are enjoying and defending life and liberty,

acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and

privacy."  CAL. CONST. art. I, § 1.  The plaintiff appears to be requesting a sealing order to protect

"personal financial affairs," but specifies no documents or portions of documents that it is referring to.

The plaintiff's request to seal the entire case file is far too broad and is therefore DENIED.

      Civil Local Rule 79-5 governs the filing of documents under seal.  Rule 79-5(a) states:

> No document may be filed under seal, i.e., closed to inspection by the public, except
> pursuant to a Court order that authorizes the sealing of the particular document, or
> portions thereof.  A sealing order may issue only upon a request that establishes that the
> document, or portions thereof, is privileged or protectable as a trade secret or otherwise
> entitled to protection under the law, [hereinafter referred to as "sealable."]  The request
> must be narrowly tailored to seek sealing only of sealable material, and must conform
> with Civil L.R. 79-5(b) or (c).  A stipulation, or a blanket protective order that allows a
> party to designate documents as sealable, will not suffice to allow the filing of
> documents under seal.  Ordinarily, more than one copy of a particular document should
> not be submitted for filing under seal in a case.

      As the commentary to Rule 79-5 notes, "As a public forum, the Court has a policy of providing

to the public full access to papers filed in the Office of the Clerk."  Hence the Rule's limitation to

information that is "privileged or protectable as a trade secret or otherwise entitled to protection under

the law."  Moreover, a request to seal "must be narrowly tailored to seek sealing only of sealable

material . . . ." CIV. L.R. 79-5.

In general, court records may only be sealed for "compelling reasons." *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

> [A] "strong presumption in favor of access" is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must "articulate[ ] compelling reasons support by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

*Id*. at 1178-79 (citations omitted).

There are two categories of documents that do not have to meet the "compelling reasons" standard. The first are those that have historically been kept secret for important policy reasons, such as grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Id*. at 1178. The second are sealed discovery documents in support of non-dispositive motions. *Id*. at 1180. These materials may be sealed upon a "particularized showing," under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id*.

The plaintiff in this case does not identify any document or portion of any document that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." And the request to seal the entire case file is not "narrowly tailored." Nor does the plaintiff offer any compelling reasons why documents in this case should be sealed, other than a vague invocation of the general right to privacy under the California Constitution. According, the plaintiff has not met its burden and its request to seal is DENIED.

IT IS SO ORDERED.

November 5, 2007

_____
Saundra Brown Armstrong
United States District Judge

2